**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              Case No. 4:01-CR-00098-4  SWW

**SHAKENA WILLIAMS**

## ORDER DENYING FURTHER SENTENCE REDUCTION

Before the Court is Defendant Shakena Williams's motion for modification or reduction of sentence (docket entry # 493), filed *pro se*. Williams has already been given a sentence reduction to the full amount permitted by applicable law. No legal authority exists for any further reduction. Accordingly, the motion is denied.

**I.   Background**

Defendant Shakena Williams pleaded guilty to conspiracy to distribute cocaine base before the late United States District Judge Stephen M. Reasoner on February 20, 2003. Judge Reasoner entered the Judgment on March 6, 2003, sentencing Williams to 360 months imprisonment, the low end of the applicable guideline range of 360 months to life. In February 2006, the Court granted a Rule 35 motion filed by the government and reduced Williams's sentence by 50% to 180 months.

Williams's sentence was reduced again on October 2, 2008, when this Court granted Defendant's motion to have her sentence reduced based on the retroactive application of the Sentencing Commission's Amendment 706, pursuant to 18 U.S.C. § 3582(c) and Guideline Policy Statement § 1B1.10. The Court applied the same 50% reduction to the recalculated guideline range of 292-365 months, further reducing Williams' sentence to 146 months. This

- 1 -

sentence represented the full reduction permitted by the Guidelines. See U.S.S.G. § 1B1.10(b)(2)(B) and Application Note 3.

## II.     Discussion

Defendant now seeks a further reduction of her sentence. She asks the Court to make such reduction to recognize the unjustifiable sentencing disparity between crack and powder cocaine. Defendant cites two Supreme Court decisions: *Kimbrough v. United States*, 552 U.S. 85 (2007) (a judge's sentencing discretion after *Booker* includes the discretion to vary downward from advisory guideline range based solely on policy view that the crack/powder ratio produces unwarranted sentencing disparity in crack cases); and *Spears v. United States*, 129 S. Ct. 840 (2009) (extending *Kimbrough* to permit a sentencing judge's categorical disagreement with, and variance from, the crack cocaine guidelines on policy grounds in every crack cocaine case). Her reliance on these cases, both of which involve original sentencing proceedings, is misplaced.

A sentence modification based on 18 U.S.C. § 3582(c)(2) is not a full resentencing. *United States v. Starks*, 551 F.3d 839, 841 (8th Cir. 2009) ("[T]here are clear and significant differences between original sentencing proceedings and sentence modification proceedings." (quotation omitted)); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.").

In *Starks*, the defendant, like Williams, had been sentenced for a crack cocaine offense based on the mandatory sentencing guidelines in effect before *United States v. Booker*, 543 U.S. 220 (2005). When Starks later requested a sentence reduction based on § 3582(c) and Amendment 706, he argued the court had the authority to lower his sentence to a term below the amended guideline range based on application of the 18 U.S.C. § 3553(a) sentencing factors.

*Starks*, 551 F.3d at 840-41.  The district court held that it lacked such authority and the Eighth Circuit agreed.  *Id*. at 843.

Like Starks, Williams has already received the full sentence reduction permitted under any applicable guideline provisions and 18 U.S.C. § 3582(c)(2).  Accordingly, the Court concludes that it lacks the authority to reduce Williams' sentence any further.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Modification or Reduction of Sentence (docket entry # 493)  be, and it is hereby, DENIED.

IT IS SO ORDERED THIS 30th day of November, 2009.

    /s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE